**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

-vs-                                              Case No.  6:00-CR-00059-PCF-JGG

**ALFRED VILFRANC.**
_____

**ORDER**

This case comes before the Court on the Motion to Have Sentence Run Concurrent filed by Defendant Alfred Vilfranc's (hereinafter "Vilfranc") on October 26, 2005.

**Background**

On January 16, 2003, Vilfranc entered into a plea agreement which was accepted by the Court.  (*See* Doc. Nos. 342 and 349, filed on January 16, 2003 and January 23, 2003, respectively).  Vilfranc pled guilty to charges of interfering with commerce by robbery, in violation of 18 U.S.C. § 1951, on Count 5 and use and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), on Count 7.  (*See* Doc. No. 342 filed on January 16, 2003).  At the sentencing hearing, Vilfranc was sentenced to 41 months in prison, pursuant to 18 U.S.C. § 1951, on Count 5 and, consecutively, to 120 months in prison, pursuant to 18 U.S.C. § 924, on Count 7.  (*See* Doc. No. 359, filed on May 19, 2003).

**Analysis**

The District Court does not have jurisdiction to grant Vilfranc's Motion to have the sentence on the two counts of conviction run concurrently.  The reduction of a defendant's sentence is governed by the Federal Rule of Criminal Procedure, Rule 35.  According to Rule 35, a District Court has jurisdiction to consider a motion for reduction of sentence in a criminal case if: 1) the

motion is made by the government; 2) the motion is brought within one year of the imposition of the defendant's sentence; 3) the defendant provided the government with substantial assistance; 4) the defendant's assistance is related to the investigation or prosecution of another person; and 5) the defendant's assistance is subsequent to the date of the defendant's sentencing. *Fed. Rules Cr. Pro. Rule 35*; *U.S. v. Hamrick*, 741 F.Supp. 103, 106 (W.D.N.C. 1990).  No motion for reduction of sentence has been made by the government, and no motion was made within one year of the imposition of Vilfranc's sentence as required by Federal Rule of Criminal Procedure 35(b).

In addition, pursuant to 18 U.S.C. § 924, a conviction on Count 7 of the indictment requires the sentence for that count to be consecutive to the sentence on Count 5.  According to 18 U.S.C. § 924, notwithstanding any other provision of law, "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried or possessed."  18 U.S.C. § 924(c)(1)(D).  The Eleventh Circuit has made clear that "[t]he plain language of this statute expressly states that a *term* of imprisonment imposed under section 924(c) cannot run concurrently with any *other term* of imprisonment, period." *United States v. Wright*, 33 F. 3d 1349, 1350 (11th Cir. 1994).  (Emphasis in original).

In the instant case, Vilfranc's 41 month sentence on Count 5 under 18 U.S.C. § 1951 cannot run concurrently with his 120 month sentence on Count 7 under 18 U.S.C. § 924.  The plain language of 18 U.S.C. § 924 and Eleventh Circuit caselaw make clear that Vilfranc's Motion to have his sentences run concurrently must be denied.

**Conclusion**

Defendant Vilfranc's Motion to Have Sentence Run Concurrent (Doc. No. 413, filed on

October 26, 2005) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _10th____ day of November, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Clerk of Court