UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   CASE NO. 6:00-cr-59-Orl-19JGG

ALFRED VILFRANC,

    Defendant.

## **ORDER**

This case is before the Court on Defendant's Motion for Copy of Court Docket, Plea Colloquy, and Sentencing Transcripts (Doc. No. 418, filed June 30, 2008). Defendant's motion is granted in part and denied in part. The motion is **GRANTED** to the extent that the **Clerk of the Court** shall mail Defendant a copy of the docket sheet. In all other respects, the motion is **DENIED**.

In *Walker v. United States*, 424 F.2d 278 (5th Cir. 1970), the Fifth Circuit Court of Appeals stated:

> Title 28 U.S.C. § 2250 provides that only where a petitioner for the writ of habeas corpus has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without cost. A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching for possible error.

*Id*. at 278-79 (citations omitted). Because Defendant has not yet filed a section 2255 motion, he is not entitled to these documents free of charge. *See also United States v. Anderson*, No. 2:94cr163, 1997 WL 138970 (E.D. Va. Mar. 14, 1997) ("there is no constitutional requirement that an indigent party collaterally attacking a conviction or sentence be supplied with court documents or transcripts

at government expense without a showing of a 'particularized need' for the documents"); *United States v. Reed*, CRIM. No. 88-468-01, 1989 WL 140493 (E.D. Pa. Nov. 17, 1989) (before the court may order the clerk of court to provide a person with documents under section 2250, several requirements must be met: 1) the filing of a petition for writ of habeas corpus; 2) a court order allowing the petitioner to proceed in forma pauperis; 3) the filing of a request for the documents in the court in which the habeas corpus petition has been filed; and 4) a sufficient explanation of the need for the documents requested so that the court can determine the necessity of providing the requested documents); *United States v. Ali*, CRIM. A. No. 86-441, 1988 WL 86785 (E.D. La. July 26, 1988) (when the defendant has not filed a section 2255 motion or a petition for writ of habeas corpus, then he is not entitled to obtain copies of court records at Government expense). Moreover, Defendant is not statutorily authorized, as a matter of course, to receive a copy of such documents free of charge post-appeal. *See United States v. Groce*, 838 F. Supp. 411 (E.D. Wis. 1993). Defendant may obtain copies of these documents by providing the Clerk's Office with the appropriate copying charges.

**DONE AND ORDERED** at Orlando, Florida this __2nd__ day of July, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:

pslc 07/01
Alfred Vilfranc