UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

          **Plaintiff,**

-vs-                                 **Case No.  6:00-cr-59-Orl-19JGG**

ALFRED VILFRANC,

          **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion for General Relief by Defendant Alfred Vilfranc.  (Doc. No. 420, filed Sept. 2, 2008.)  Defendant asks this Court to "un-file [his] criminal judg[]ment (originally filed 23 May 2003) and refile it so that [he] can pursue the direct appeal [he] was entitled to but nobody filed in [his] behalf."  (*Id.* at 1.)  He claims that he received an "illegal sentence" in violation of the Supreme Court's decision in *Castillo v. United States*, 530 U.S. 120 (2000), and his lawyer failed to file a timely appeal of his sentence.  (*Id.* at 1-2.)  Defendant explains, "neither lawyer in this case told the [C]ourt it was giving out an illegal sentence; and [Defendant] thinks this amounts to fraud on the [C]ourt."  (*Id.* at 2.)  Because there was fraud on the Court, Defendant contends, the Court retains jurisdiction to refile the judgment in his case so that Defendant may file a timely appeal therefrom.  (*Id.*)

In essence, Defendant is asking the Court to amend its previous judgment and refile the judgment with a new date.  A motion to alter or amend the judgment in this manner is not permitted by the Federal Rules of Criminal Procedure.  *See United States v. Zuluaga*, 192 F. App'x 944, 945 (11th Cir. 2006) (finding that a criminal defendant is not permitted to collaterally attack a sentence

through a motion to alter or amend judgment, and a district court lacks subject matter jurisdiction to grant such a motion).

Defendant has failed to demonstrate a proper basis for this Court to exercise jurisdiction over his Motion for General Relief.  This Motion does not purport to be a motion to arrest judgment under Federal Rule of Criminal Procedure 34 or a motion to correct or reduce a sentence under Rule 35.[1] This Motion also was not brought under 18 U.S.C. § 3582(c)(2) for a reduction of sentence based on a sentencing range subsequently lowered by the U.S. Sentencing Commission, or 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence through a collateral attack.[2]  The only relief that Defendant seeks is for the Court to refile his judgment so that he may pursue a direct appeal of his sentence.  However, this Court lacks subject matter jurisdiction to amend Defendant's judgment as requested.  *Zuluaga*, 192 F. App'x at 945.

### Conclusion

Based on the foregoing, the Motion for General Relief by Defendant Alfred Vilfranc (Doc. No. 420, filed Sept. 2, 2008) is **DENIED**.

---

[1]    In any event, when brought by a criminal defendant, either type of motion must be filed within seven days after a plea of guilty under Rule 34 or sentencing under Rule 35.  Defendant's plea of guilty was accepted on January 23, 2003, he was sentenced on May 19, 2003, and judgment was entered against him on May 23, 2003.  (Doc. Nos. 349, 359, 361.)  Thus, Defendant' September 2, 2008 Motion at Docket Number 420 was filed well past the seven day deadline and would be untimely even if brought under Rule 34 or 35.

[2]    If Defendant is contending that his attorney was directed to file an appeal and failed to do so, then Defendant may bring such a claim in a petition filed under 28 U.S.C. § 2255.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November <u>10</u>, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party