**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AFRED VILFRANC,**

       **Plaintiff,**

**-vs-**                    **Case No. 6:00-cr-59-Orl-19GJK**

**UNITED STATES OF AMERICA,**

       **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS (Doc. Nos. 439, 440)** |
| **FILED:** | **April 30, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the appeal be dismissed**.

On September 2, 2008, *pro se* Petitioner Alfred Vilfranc ("Petitioner") filed a Motion for General Relief wherein he requested the Court the "un-file [his] criminal judg[]ment (originally filed 23 May 2003) and refile it so [he] can pursue the direct appeal [he] was entitled to but nobody filed in [his] behalf." Doc. No. 420. On November 10, 2008, the Honorable Patricia C. Fawsett denied Petitioner's Motion for General Relief. Doc. No. 421. On December 12, 2008, Petitioner filed a Notice of Appeal, and on December 22, 2008, he submitted a Request for Prepayment of Docket and Filing Fees (herein,

the "First Motion"). Doc. Nos. 424, 427.

On February 6, 2009, the undersigned issued a Report and Recommendation, recommending that the First Motion be denied because: 1) Petitioner failed to attach an affidavit establishing his inability to pay the requisite filing fee and courts costs; and 2) the First Motion was frivolous because it was "completely lacking in legal foundation and [Petitioner's] chances of ultimate success [were] less than slight." Doc. No. 428 at 7. On April 8, 2009, the Court entered an order adopting the Report and Recommendation, denied Petitioner's First Motion, and stated the following:

> [A]s previously explained in the Order denying general relief, the Court lacks jurisdiction to alter or amend the May 23, 2003 Judgment. (Doc. No. 421 at 1-2.) Because an appeal of this decision would be indisputably meritless, the Magistrate correctly decided that [Petitioner's] appeal is frivolous. (Doc. No. 428 at 7.) Therefore, [Petitioner] is not entitled to proceed *in forma pauperis*.

Doc. No.437 at 4. On April 17, 2009, Petitioner filed a Notice of Appeal of the Court's Order (Doc. No. 437). Doc. No. 438. On April 30, 2009 and May 1, 2009, Petitioner filed a Motion to Proceed in Forma Pauperis (the "Second Motion"). Doc. Nos. 439-40.[1]

## I.  THE LAW

Statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U.S.C. § 1915, authorizing any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs. *Coppedge v. United States*, 369 U.S. 438, 441 - 42 (1962). The Federal Rules of Appellate Procedure specify the procedure for taking appeals *in forma pauperis*. A party to an action in a district court who desires to proceed on appeal *in forma pauperis* must file *in the*

---

[1] The April 30, 2009 filing is the motion to proceed in forma pauperis and the May 1, 2009, filing is an affidavit of indigency. Doc. Nos. 439-440.

*district court* a motion for leave so to proceed, together with an affidavit, showing in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which that party intends to present on appeal. Fed. R. App. P. 24 (a).[2]

The following statutory language guides the district court in passing upon the application: "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915 (a) (3). "Good faith" in the context of a criminal appeal is judged by an objective standard. *Coppedge*, 369 U.S. at 444. A defendant's good faith in a criminal appeal is demonstrated when he seeks appellate review of any issue not frivolous. 369 U.S. at 444 - 45. If an *in forma pauperis* appeal is attempted for reasons that may genuinely be characterized as the litigant's "bad faith," express authority exists in 28 U.S.C. § 1915 (e) for dismissal of the cause as frivolous. 369 U.S.

---

[2]Rule 24 (a) of the Rules of Appellate Procedure provides:
**Leave to Proceed on Appeal *in Forma Pauperis* From District Court to Court of Appeals.** A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.

Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court *in forma pauperis*, or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.

If a motion for leave to proceed on appeal *in forma pauperis* is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.

at 444 - 45.

If the district court finds the application is not in good faith, and therefore denies leave to appeal *in forma pauperis*,[3] the defendant may seek identical relief from the court of appeals. *Coppedge*, 369 U.S. at 445. In considering such an application addressed to it, the district court's certificate is not conclusive, although it is entitled to weight.[4] 369 U.S. at 445 - 46.

**Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

1. Frivolous Factual Allegations

Factual allegations are frivolous for the purpose of Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). The district court may dismiss even meritorious legal theories under Section 1915 if the factual

---

[3]On reference of a motion for leave to appeal *in forma pauperis*, a United States Magistrate Judge in the Middle District of Florida either would grant leave to appeal *in forma pauperis*, or would prepare a report and recommendation to the district judge recommending denial.

[4]It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. *Coppedge*, 369 U.S. at 447 - 48. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts. *Coppedge*, 369 U.S. at 448. It is the burden of the Government, in opposing an attempted criminal appeal *in forma pauperis*, to show that the appeal is lacking in merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of the Government, had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements. *Coppedge*, 369 U.S. at 448.

allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*. Factual allegations in a complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a complaint under 42 U.S.C. § 1983 as frivolous pursuant to Section 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under Section 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic incentive to refrain from filing them. *Phillips*, 746 F.2d at 785 (*citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972)); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at

639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).[5] If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785. Thus, in the circumstances described above, when the factual basis for the claim is clearly baseless, the court may grant dismissal under Section 1915.

### 2. Frivolous Legal Theories

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under Section 1915 on grounds of frivolousness even if the complaint states a claim for relief.[6] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D.Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326-29 (Rule 12 (b)(6) and former Section 1915(d) serve distinctive goals).

For example, a Section 1915 dismissal may be appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. The absolute immunity of the defendant would justify the dismissal

---

[5]To do otherwise -- i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle*, 898 F.2d at 129.

[6]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of Section 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under Section 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under Section 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D.Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which may justify dismissal of a claim as frivolous. *See Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846, 850-51 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is another affirmative defense which may warrant a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324. Thus, if the legal theory advanced is indisputably meritless for the foregoing reasons, the court may grant dismissal under Section 1915.

## II. APPLICATION

Petitioner's Second Motion is not founded in good faith. Petitioner is again requesting this Court to "un-file" his May 23, 2003 Judgment and then re-file the Judgment so Petitioner can attempt a timely

appeal thereof. Petitioner's appeal continues to lack a legal foundation and his chances of ultimate success are less than slight because the Court lacks jurisdiction to alter or amend the May 23, 2003 Judgment (Doc. No. 421 at 1-2). Therefore, Petitioner's Second Motion is frivolous.

Accordingly, it is

Recommended that the Second Motion (Doc. Nos. 439-440 to proceed *in forma pauperis* be DENIED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

RECOMMENDED in Orlando, Florida on May 12, 2009.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Unrepresented Party